THE CHICAGO RIDGE PARK DISTRICT, Plaintiff-Appellee, *v.* THE OAK LAWN PARK DISTRICT *et al.*, Defendants-Appellants.

First District (3rd Division) No. 80—3241

Opinion filed February 2, 1983.

Thomas J. Farrell, of Oak Lawn, for appellants.

Barry L. Moss, of Moss and Bloomberg, Ltd., of Bolingbrook, for appellee.

JUSTICE WHITE delivered the opinion of the court:

On October 17, 1980, certain voters in the village of Chicago Ridge brought an action in the circuit court of Cook County seeking disconnection of described territory from the Oak Lawn Park District and annexation of the territory to Chicago Ridge Park District. Defendants-appellants' motion to dismiss this action was denied. The circuit court ordered submission of the proposition to the voters in an election on February 24, 1981. At that election the proposition was passed overwhelmingly. This appeal is from the order which ordered the election. We are asked to reverse the order for the election and to

set aside the election results.

■■ Appellants raise no issue of the propriety of the procedures followed or of fraud in the election. They question only the sufficiency of the petitions calling for the election. Appellants maintain that the election consolidation act (Ill. Rev. Stat. 1979, ch. 46, par. 28—2) which became effective December 1, 1980, applied to this election even though the petitions for this election were circulated before the effective date of the act. It is their contention that such application is not unconstitutionally retroactive. We agree. See *Korte-Reinheimer v. City Council* (1981), 94 Ill. App. 3d 219, 225, 418 N.E.2d 783; *Weisberg v. Byrne* (1981), 92 Ill. App. 3d 780, 784, 416 N.E.2d 298.

Appellants further maintain that the court ordered election on February 24, 1981, pursuant to petitions calling for an election on the disconnection/annexation proposal on "November 22, 1980, or such other time as the court may deem proper"[1] was in contravention of the election consolidation act, which provides in pertinent part:

"A petition *** initiating the submission of a public question may specify a regular election at which the question is to be submitted, and must so specify if the statute authorizing the public question requires submission at a particular election. *** A petition *** initiating a public question which specifies a particular election at which the question is to be submitted shall be so limited, and shall not be valid as to any other election ***.

If a petition *** does not specify a regularly scheduled election, the public question shall be submitted to referendum at the next regular election ***." (Ill. Rev. Stat. 1979, ch. 46, par. 28—2.)

Appellants argue that the petitions which the voters signed were valid only as to an election held on November 22, 1980, and point to the provision that "a petition *** which specifies a particular election at which the question is to be submitted shall be so limited and shall not be valid as to any other election" to support their contention. The weakness of this argument is that although the petitions in this case state a date for the election, they also state "or such other time as the court may deem proper." No reason has been advanced as to why these words should not be given their plain, ordinary meaning. To do so would comport with the goals of this election reform act. As was

---

[1]This was the language used on all the petitions signed by the voters. These signed petitions were filed in the circuit court of Cook County. They were attached to a pleading headed "Petition" which mentioned only a November 22, 1980, date and omitted "or such other time as the court may deem proper."

said in *Korte-Reinheimer*:

"With respect to the evils to be remedied, it is clear that the legislature in section 28—2 sought to avoid the confusion emanating from circulating a petition setting a proposition for consideration at one election which does not take place on the appointed day, as well as precluding the unfairness inherent in obscuring consideration of important questions by shifting the elections thereon from one date to another or still others." *Korte-Reinheimer v. City Council* (1981), 94 Ill. App. 3d 219, 226.

In the instant case, the petitioning registered voters received precisely what they requested. The language of their petition indicated that the November 22 date was a tentative one when it prayed in the alternative "or such other time as the court may deem proper." When the petition to annex was filed in the circuit court of Cook County on October 17, 1980, November 22 was a proper date for an election on an annexation proposal. Under the Election Code at that time, the date on which such an election could be held was within the trial judge's discretion. (See Ill. Rev. Stat. 1979, ch. 105, pars. 3—12, 3—3.) Appellants, who now urge that November 22, 1980, was the only proper election date, initiated proceedings in the form of motions in the trial court which extended the court's certification proceedings beyond that date. As a result, the election was not held on November 22, 1980. On December 22, 1980, the trial judge granted appellee leave to amend its petition to conform to the requirements of the election consolidation act, which had become effective December 1, 1980. The date for which the trial court rescheduled the election, February 24, 1981, was consistent with the requirements of the act. (See Ill. Rev. Stat. 1979, ch. 46, pars. 28—2, 2A—1.1(b)).) Under section 28—2, "[a] petition *** may specify a regular election at which the question is to be submitted ***" but it need not. If it does not, "the public question shall be submitted to referendum at the next regular election ***." (Ill. Rev. Stat. 1979, ch. 46, par. 28—2.) The date of the next regular election as provided by the act was the fourth Tuesday in February, *i.e.*, February 24, 1981 (Ill. Rev. Stat. 1979, ch. 46, par. 2A—1.1(b))), and the trial court ordered the election on that date.

Appellants rely on *Korte-Reinheimer v. City Council* (1981), 94 Ill. App. 3d 219. In that case, appellee filed a petition setting forth a public question to the electorate of the city of Palos Hills. The petition requested that the election take place on or before August 26, 1980. However, the trial court issued a writ of *mandamus* ordering a new date to be set for the election sometime after December 1, 1980. This

court reversed the trial court's order on the ground that due to the requirements of section 28—2 of the election consolidation act, the petition in question was valid only as to the date specified. As to other dates, the petition was void and the election held pursuant to it was invalid.

█ *Korte-Reinheimer* is distinguishable from the case at bar for a number of reasons. First, because the petitions in *Korte-Reinheimer* stated that the election was to be held on or before August 20, their validity was limited to that period of time. In the present case, although the petitions stated that the election was to be held on November 22, 1980, they also stated "or such other time as the court may deem proper." Second, in *Korte-Reinheimer* the date on which the election was to be held was changed a number of times which could have the effect of obscuring the question and confusing the electorate. Here, however, there was none of that shifting of election dates and resulting confusion and unfairness, and the appellants do not allege that there was any improper voting. We conclude, therefore, that the election held pursuant to appellee's petition complied with the requirements of the election consolidation act.

Accordingly, we affirm the order of the circuit court of Cook County.

Affirmed.

McNAMARA, P.J., and RIZZI, JJ., concur.